UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-60498-CIV-DAMIAN

DIEGO ALBERTO PEREZ MALDONADO,

Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL
CENTER, *et al.*,

Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before this Court on Petitioner, Diego Alberto Perez Maldonado's

("Petitioner"), Petition For Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 [ECF No. 1]

(the "Petition"), filed February 23, 2026. This Court entered an Order to Show Cause [ECF

No. 5] on February 24, 2026.  On March 3, 2026, Respondents filed a Response to this Court's

Order to Show Cause [ECF No. 6 ("Response")].

THE COURT has reviewed the Petition, Response, the relevant legal authorities, and

the pertinent portions of the record and is otherwise fully advised.

## I.     BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the

Immigration Court is set forth in detail in the parties' submissions. *See generally* Pet., Resp.

Petitioner is a native and citizen of Mexico who is currently detained by U.S.

Immigration and Customs Enforcement ("ICE") at the Broward Transitional Center in

Pompano Beach, Florida. Petitioner applied for admission into the United States on October

19, 2023, at or near Eagle Pass, Texas, and was paroled into the United States on that same

date by U.S. Customs and Border Protection ("CBP"). On July 27, 2025, Petitioner was

arrested by the Polk County Sheriff's Office for first offense petit theft, and on July 28, 2025, ICE lodged an immigration detainer. Petitioner was transferred to ICE custody on or about July 30, 2025, and has remained in immigration detention since that time. Resp. at 2.

On August 27, 2025, the Immigration Judge denied Petitioner's request for a custody redetermination, finding a lack of jurisdiction on the basis that Petitioner is an arriving alien. On October 7, 2025, the Immigration Judge denied Petitioner's application for relief and ordered him removed to Mexico. Petitioner appealed that decision to the Board of Immigration Appeals on November 2, 2025, and that appeal remains pending. Resp. at 3.

Petitioner filed the instant habeas Petition on or about February 23, 2026, challenging his continued detention. In the Petition, Petitioner asserts that he has been detained for more than six months since August 2, 2025, that his request for a bond hearing was denied, and that he does not pose a danger or flight risk. Petitioner contends that his continued detention is unlawful and seeks immediate release or, in the alternative, an order requiring a bond hearing. Petitioner further states that he has significant ties to the United States, including a wife and two daughters residing in the country, one of whom is a United States citizen, as well as a job, a sponsor, and a fixed address. Petitioner contends that his continued detention is unlawful and seeks immediate release or, in the alternative, an order requiring a bond hearing. Pet. at 8.

Respondents, in turn, maintain that Petitioner is properly classified as an applicant for admission and is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and therefore is not entitled to a bond hearing.[1] Resp. at 4-10.

---

[1] In this case, Respondents represents that an Immigration Judge entered an order of removal on October 7, 2025, and further represents that Petitioner has appealed that order to the Board of Immigration Appeals within the requisite time period applicable at the time of appeal. Response at 3. Under the Immigration and Nationality Act, an order of removal does not

## II.    LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. §

2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf*

*v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who

demonstrates that he is being held in custody in violation of the Constitution or federal law.

*See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving

immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues

raised in the Petition in this case in numerous other cases,[2] and as previously indicated, the

undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome*

---

become administratively final until "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order." 8 U.S.C. § 1101(a)(47)(B). Accordingly, where, as here, an appeal to the BIA is pending, the removal order is not yet final.

Because the removal order is not administratively final, the "removal period" under 8 U.S.C. § 1231 has not yet begun. *See* 8 U.S.C. § 1231(a)(1)(B)(i) (providing that the removal period begins on "the date the order of removal becomes administratively final"). Petitioner's detention therefore remains governed by the pre-removal detention framework, and his challenge to the statutory basis for that detention remains ripe for review. In accordance with the above, Respondents have not raised the status of the appeal.

[2]      *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

*North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). As the Eleventh Circuit recently acknowledged, the majority of District Courts throughout the country that have analyzed this issue have rejected the Government's position in *Matter of Hurtado*, and "the federal appellate courts are divided as to the applicability of §§ 1225(a) and 1226(a)." *Labrada-Hechavarria v. U.S. Att'y Gen.*, No. 23-13664, 2026 WL 496486, at *2 (11th Cir. Feb. 23, 2026).[3] This Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

The undersigned is aware that in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit adopted the BIA's analysis in *Matter of Yajure Hurtado*. The undersigned is also aware that the Respondents have appealed to the Eleventh Circuit district court judgments that 8 U.S.C. § 1226(a) governs detentions under circumstances similar to those presented here. *See Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065 (11th Cir.), and *Cerro Perez v. Assistant Field Office Director*, No. 25-14075 (11th Cir.). In the absence of a binding decision from the Eleventh Circuit or the United States Supreme Court, this Court's analysis does not change based on these cases.

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would

have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

### IV.    CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **April 9, 2026**. It is further

**ORDERED** that on or before **April 16, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 31st day of March, 2026.

_____
MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE